UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RAS-INJAH TAFARI, 89-A-4807,

Plaintiff,

-v-                                                                DECISION AND ORDER
                                                                   07-CV-693Sc

DANIEL WEINSTOCK, et al.,

Defendants.

_____

By Decision and Order filed September 23, 2008 (Docket No. 5), this Court granted Plaintiff's request to proceed *in forma pauperis* with respect to his Eighth Amendment medical treatment claims, dismissed those claims against nine of the defendants pursuant to 28 U.S.C. §1915 (e)(2)(B), directed service of his complaint against five of the defendants with respect to the medical treatment claims, and dismissed his retaliation claims against all defendants pursuant to 28 U.S.C. § 1915(g).

Plaintiff has now submitted a letter[1] (Docket No. 6) requesting that the Court reconsider the September 23 Decision and Order to the extent that it dismissed his medical treatment claims against defendants Thomas Poole, Glenn Goord, Lester Wright, Lucien LeClaire, Jr., Brian Fischer, Jeff Minnerly, John Lempke, Gayle Haponik, and John Nuttall.

_____

[1]As noted in the September 23 Decision and Order (*See* Docket No. 5 at n.1), Plaintiff is an extremely active litigant, and is therefore presumed to be familiar with the requirement, addressed in the Pro Se Litigation Guidelines, that a request that the Court take a certain action, such as reconsidering a previous decision, be in the form of a motion. Plaintiff instead has developed a penchant, in the several cases that he has initiated in the Western District, for writing lengthy letters which the Court must then parse to ascertain exactly what action or relief he is seeking. Plaintiff is hereby advised that any future requests that the Court take action in this or any other of the cases that Plaintiff has commenced in this district should be in the form of a motion which recites the provision of the Federal Rules of Civil Procedure under which it is brought. If Plaintiff submits a request for relief in the form of a letter, it will be returned to him for resubmission in the form of a motion.

Although it is not specifically characterized as such, the court will treat Petitioner's letter as a motion for reconsideration under Rule 60(b)(1) of the Federal Rules of Civil Procedure, allowing relief from an order where the order was the result of "mistake, inadvertence, surprise or excusable neglect," and Rule 60(b)(6), which permits reconsideration for "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (6).

Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. *House v. Secretary of Health and Human Services*, 688 F.2d 7, 9 (2d Cir. 1982); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981). "The overall standard for granting a motion for reconsideration is strict, and the motion generally will be denied 'unless the moving party can point to controlling decisions or data that the court overlooked – matters which, in other words, might reasonably be expected to alter the conclusions reached by the court.'" *Davidson v. Conway*, 97-CV-00389C, 2006 U.S. Dist. LEXIS 89710, at *2 (W.D.N.Y. 2006) (quoting *Shader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Since 60(b) allows extraordinary judicial relief, it is "appropriate only in cases presenting extraordinary circumstances." *First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda*, 877 F.2d 189, 196 (2d Cir. 1989). The burden of prof is on the party seeking relief from the judgment or order. *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)).

Plaintiff claims that the Court failed to apply the correct standards in dismissing his Eighth Amendment medical treatment claims against nine supervisory officials based upon

the determination that Plaintiff had failed to allege that they were personally involved in the denials of medical treatment that Plaintiff allegedly suffered.

Nothing in plaintiff's motion for reconsideration allows the Court to grant relief from the September 23 Order under Fed.R.Civ.P. 60(b); plaintiff does not demonstrate that there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time, nor does he show that his claim should be reopened in the interest of justice.   Plaintiff's arguments essentially reiterate the allegations against the supervisory defendants asserted in his complaint, and do not alter the Court's conclusion, as stated in the previous Order, that Plaintiff's claims do not allege the requisite personal involvement necessary to allow the claims against the nine supervisory defendants to go forward.

Accordingly, plaintiff's motion for reconsideration (Docket No. 6) is hereby denied.

Plaintiff's letter also requests that he be given 120 days to pay the filing fee applicable to his retaliation claims which were dismissed without prejudice pursuant to the "three strikes" rule of 28 U.S.C. § 1915(g). Plaintiff will be given thirty days from the date of this Order to pay the filing the $350. If he pays the filing fee within the time stated, the Court will reexamine its dismissal of the claims of retaliation.

SO ORDERED.

Dated:        _OCT. 27_____, 2008
             Rochester, New York

_Charles Siragusa_____
                    CHARLES J. SIRAGUSA
                    United States District Judge