UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Injah Tafari #89A4807,

                         Plaintiff,

                                                                              07CV0693

                -v-                                                             ORDER


Daniel Weinstock, et al.,

                         Defendants.

---

      Before the Court are plaintiff's post-appeal motions for reconsideration (Docket Nos. 88, 89, 90), filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, of the Decision and Order of this Court dated September 22, 2008 (Docket No. 5) which, *inter alia*, dismissed the retaliation claims asserted in the complaint. For the reasons set forth below, plaintiff's motions are denied.

**Background**

      The plaintiff, Injah Tafari, commenced this action alleging a variety of claims against 28 defendants. (Docket No. 1). By Order dated September 22, 2008 (Docket No. 5), District Judge Charles J. Siragusa granted Plaintiff's request to proceed *in forma pauperis* with respect to his Eighth Amendment medical treatment claims, dismissed those claims against nine of the defendants pursuant to 28 U.S.C. §1915 (e)(2)(B), directed service of his complaint against five of the defendants with respect to the medical treatment claims, denied plaintiff's request to

proceed *in forma pauperis* with respect to plaintiff's retaliation claims pursuant to pursuant to the "three strikes" rule of 28 U.S.C. § 1915(g), and dismissed the retaliation claims without prejudice.[1]

Thereafter, following the filing of answers by the defendants served with the complaint and discovery and other pre-trial procedures, the defendants moved for summary judgment (Docket No. 57), and by Decision and Order dated August 27, 2010 (Docket No. 82), the Court granted defendants' motion for summary judgment and dismissed the complaint in its entirety. The judgment, relief from which plaintiff's motions seek to obtain, was entered on August 30, 2010.  (Docket No. 83).

On September 7, 2010, plaintiff filed a notice of appeal to the Second Circuit. (Docket No. 84). On December 7, 2010, the Second Circuit issued an Order dismissing plaintiff's appeal "because it lack[ed] an arguable basis in law or fact."  The Second Circuit's Mandate was issued on January 3, 2011. (Docket No. 87). Plaintiff thereafter filed with the Second Circuit an application for reconsideration (*i.e.* a petition for rehearing under Rule 40 of the Federal Rules of Appellate Procedure) of its December 7 Order dismissing his appeal. (Second Circuit Docket No. 10-3645, No. 30). Plaintiff's motion for reconsideration argued, in part, that in dismissing his appeal the Second Circuit had overlooked the relevance of its recent decision in Chavis v.

---

[1] Plaintiff filed three motions for reconsideration of Judge Siragusa's Order dated September 22, 2008. (*See* Docket Nos. 6, 10 and 37).  The first two motions were denied by Judge Siragusa. (Docket Nos. 7 and 11).  Judge Siragusa's Order denying plaintiff's first motion for reconsideration, dated October 27, 2008 (Docket No. 7) gave plaintiff 30 days to pay the fling fee with respect to the retaliation claims as to which the September 22, 2008 Order had denied plaintiff the right to proceed *in forma pauperis.*   Judge Siragusa's Order denying plaintiff's second motion for reconsideration, dated December 23, 2008 (Docket No. 11) granted plaintiff's request for an additional 45 days to pay the filing fee applicable to his retaliation claims, but directed that the Court would entertain no further applications for reconsideration of the September 22, 2008 Order, but.  Notwithstanding the Court's directive, plaintiff failed a third motion for reconsideration. (Docket No. 37).

Chappius, 618 F.3d 162 (2d Cir. 2010)[2] to this Court's denial, in Judge Siragusa's Order dated September 22, 2008, of plaintiff's request to proceed *in forma pauperis* with respect to his retaliation claims. (Second Circuit Docket No. 10-3645, No. 30 at pp. 6-7). Plaintiff was thereafter advised by the Clerk of the Court of the Second Circuit that because his appeal was closed he would be required, in order to seek reconsideration of the Court's dismissal of his appeal, to file a motion to recall the Court's Mandate and request to file his motion for reconsideration out of time. (Second Circuit Docket No. 10-3645, No. 36). Plaintiff subsequently filed a motion to recall the Mandate and request to file his motion for reconsideration out of time, referencing the original motion for reconsideration (Second Circuit Docket No. 10-3645, No. 41). The motion was denied by Order dated March 22, 2011. (Second Circuit Docket No. 10-3645, No. 46). Petitioner's petition for a writ of certiorari was denied by the Supreme Court on May 3, 2011, Tafari v. Weinstock, 131 S. Ct. 2878, 179 L. Ed. 2d 1193 (2011), and his petition for rehearing was denied on June 27, 2011. 131 S. Ct. 3085, 180 L. Ed. 2d 907 (2011).

**Discussion**

Plaintiff's motions for reconsideration at issue in this Order were filed after plaintiff had taken his appeal to the Second Circuit: the first (Docket No. 88) was received by the Court on January 3, 2011, subsequent to the Second Circuit's Order dated December 7, 2010, dismissing his

---

[2] In Chavis v. Chappius, the Second Circuit determined that a prisoner who has had three actions dismissed pursuant to 28 U.S.C. § 1915(g) and who adequately alleges imminent danger in a subsequent action can, in the same action "proceed IFP on other claims that lack a nexus to imminent danger." 618 F.3d at 171.

appeal, and on the very day that the Second Circuit's Mandate was issued. *See* Docket No. 87. The second and third motions for reconsideration (Docket Nos. 89 and 90) were received on April 6, 2011 and May 13, 2011, well after the issuance of the Second Circuit's Mandate. All three motions are filed pursuant to Rule 60(b) of the federal Rules of Civil Procedure, and all three argue that the court should reconsider its Order dated September 22, 2008 to the extent that that Order denied plaintiff's application to proceed *in forma pauperis* with respect to his retaliation claims and, based upon Chavis v.Chappius, *supra*, reopen this case to allow such claims to proceed.

Fed.R.Civ.P. 60(b) provides for relief from a final judgment, order, or proceeding when, for example, there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time. According to the Second Circuit Court of Appeals:

> Rule 60(b) sets forth the grounds on which a court, in its discretion, can rescind or amend a final judgment or order. … Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. . . . In other words it should be broadly construed to do "substantial justice," . . . , yet final judgments should not "be lightly reopened." . . . The Rule may not be used as a substitute for a timely appeal. . . . Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances.

Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (citations omitted). While plaintiff does not indicate the subsection of Rule 60(b) on which his motions to reconsider are based, the Court will assume that it has been brought pursuant to Rule 60(b)(6), which allows a court to relieve a party of a judgment "for any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). *See* United States v. Cirami, 563 F.2d 26, 32 (2d Cir. 1977) (Rule 60(b)(6) "represents a grand reservoir of equitable

<mark>power that should be liberally applied"). Relief under this catch-all provision is warranted "only where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship." United Airlines, Inc. v. Brien, 588 F.3d 158, 176 (2d Cir. 2009) (internal citations omitted); *see also* United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001) (Rule 60(b) relief is "generally not favored and is properly granted only upon a showing of exceptional circumstances") (citation omitted).</mark>

The Court must consider whether it has jurisdiction to entertain plaintiff's motion, given the Second Circuit's dismissal of plaintiff's appeal, as described above. It was formerly the law in most circuits that a district court did not have jurisdiction to entertain a Rule 60(b) motion seeking to reopen a judgment that had been affirmed on appeal unless the Court of Appeals first granted leave. *See, e.g.*, LSLJ Partnership v. Frito-Lay, Inc., 920 F.2d 476, 479 (7th Cir. 1990); *see also* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2873, p. 436 (2d ed. 1995). However, in Standard Oil Co. of California v. United States, the United States Supreme Court held that a district court may reopen a case that has been reviewed on appeal without leave from the court of appeals or a withdrawal of the appellate court's mandate.[3] 429 U.S. 17, 97 S. Ct. 31, 50 L. Ed. 2d 21 (1976). And in a later explication of the rule in Standard Oil, the Second Circuit noted that "a district court has jurisdiction to hear [a] Rule 60(b) motion based upon [an] alleged change in law *arising after [the] appellate court mandate.*" DeWeerth v. Baldinger, 38 F.3d 1266, 1271 (2d Cir. 1994)

---

[3] Standard Oil does not give a district court the authority "to alter an appellate ruling where the appellate court has already considered and rejected the basis for the movant's Rule 60(b) motion." DeWeerth v. Baldinger, 38 F.3d 1266, 1270 (2d Cir. 1994). Instead, under Standard Oil, a district court "may consider a Rule 60(b) motion when 'later events' arise that were not previously considered by the appellate court." *Id*.

<mark>5</mark>

(emphasis added) (citing Frito-Lay, Inc, 920 F.2d 476 at 479); *see also* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2873, p. 438 (2d ed. 1995) (citing DeWeerth and Frito-Lay).

As previously noted, the instant motions are based upon an alleged change in the law: Plaintiff contends that the Second Circuit's decision in Chavis v. Chappius changes the law applicable to the Court's ability to deny a prisoner who has incurred three strikes, but who adequately alleges imminent danger in a subsequently filed action, leave to proceed *in forma pauperis* with respect to claims which lack a nexus to the allegation of imminent danger. Assuming that Chavis v. Chappius constituted a favorable change in law, the Court finds that it lacks jurisdiction to consider the merits of the Rule 60(b) motion because the alleged change arose *before* the issuance of the Second Circuit's Mandate on plaintiff's appeal.

As chronicled above, the Second Circuit's Order dismissing plaintiff's appeal of this Court's judgment was issued on December 7, 2010, and the Court's Mandate followed on January 3, 2011. The change in the law on which Plaintiff's instant motion for reconsideration is based occurred on August 17, 2010, the date on which the Second Circuit's decision in Chavis was issued. The Second Circuit's mandate in the instant case was thus issued more than four months later.[4]  Therefore, because Plaintiff's Rule 60(b) motion is based upon a change in law that arose before the issuance of the Mandate, the Court concludes, based on DeWeerth, that it lacks jurisdiction to entertain

---

[4]A judgment or order of the Court of Appeals is not final until the Mandate is issued, at which time the parties' obligations become fixed and final. Fed. R. App. P. 41(c), Advisory Committee's note on 1998 amendments. Before the Mandate is issued, the] Court of Appeals retains authority "to amend its opinion or modify its judgment. Moreover, until the mandate is issued, the case is still pending in the court of appeals for purposes of applying a new Supreme Court decision." Mark I. Levy, "The Mandate," Nat'l. L. J., Jan. 16, 2006, at 12 (citations omitted). The Second Circuit's decision in Chavis having been released before the Mandate in the instant matter, the Second Circuit retained the authority to amend or modify its order dismissing Plaintiff's appeal based upon Chavis, which, as noted above, is in substance what plaintiff urged the Second Circuit to do when he asked it to reconsider and recall its Mandate.

Plaintiff's Rule 60(b) motion. *See* Jones v. Goord, 05-CV-183S, 2007 U.S. Dist. LEXIS 72808 (W.D.N.Y. Sept. 30, 2007) (denying prisoner's post-appeal motion to vacate district court's order where the decision on which plaintiff's motion was based predated issuance of the Second Circuit's mandate).[5]

In accordance with the foregoing, Plaintiff's motions (Docket Nos. 88, 89, 90) are DENIED.

The Court will entertain no further motions for reconsideration in this matter and directs that the Clerk of the Court refuse to accept any additional motions for reconsideration filed by the plaintiff.

The Court hereby certifies, pursuant to 28 U.S.C. 1915(a)(3), that any appeal in this matter would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

So Ordered.

    /s/ Hugh B. Scott
    United States Magistrate Judge
    Western District of New York

Buffalo, New York
March 29, 2012

---

[5] The Court acknowledges that under DeWeerth, it would have jurisdiction to act upon plaintiff's Rule 60(b) motions if the Second Circuit's decision in Chavis had been issued *subsequent* to the Second Circuit's mandate, unless under that scenario plaintiff had first petitioned the Second Circuit for a rehearing based upon the alleged change in the law effected by Chavis and the Second Circuit had denied the petition. *See* DeWeerth, 38 F.3d at 1271 (explaining that whereas the Court of Appeals' denial of a petition for rehearing can be construed as "a comprehensive rejection of every argument presented" in the petition, the same presumption does not apply "where the argument in question was presented in a motion to recall an appellate court's mandate").